**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4870**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GEORGE MICHAEL TURNER,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:11-cr-00846-RBH-1)

───────────

Submitted:  June 25, 2015          Decided:  June 29, 2015

───────────

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

John M. Ervin, III, Darlington, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Michael Turner pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced as an armed career criminal to 180 months in prison. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief, finding no meritorious issues, but questioning whether: (1) the district court conducted Turner's plea hearing in compliance with Fed. R. Crim. P. 11, and (2) his sentence was reasonable. For the reasons that follow, we affirm.

Because Turner did not move in the district court to withdraw his guilty plea, we review his first issue for plain error. United States v. Martinez, 277 F.3d 517, 525–26 (4th Cir. 2002). In reviewing the adequacy of compliance with Rule 11, this court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Our review of the record leads us to conclude that the district court conducted a thorough colloquy, ensuring that Turner's plea was knowing and voluntary, and that the plea was supported by an adequate factual basis. We conclude there was no plain error.

We next review Turner's sentence for both procedural and substantive reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). We must ensure that the district court committed no significant procedural

2

error and then consider the sentence's substantive reasonableness under the totality of the circumstances, including the extent of any variance from the advisory Sentencing Guidelines range. Id. at 51. We presume that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). A defendant can rebut this presumption only by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. Id.

After reviewing the presentence report and the sentencing transcript, we conclude that Turner's statutory mandatory minimum sentence, imposed within his advisory Guidelines range, is both procedurally and substantively reasonable and that the district court properly concluded that Turner was an armed career criminal, under 18 U.S.C. § 924(e)(1) (2012). The court listened to both parties' arguments, considered the § 3553(a) factors, and articulated its reasons for giving Turner a sentence within that range. Gall, 552 U.S. at 51. Turner has not made the showing necessary to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case, including the issue raised in Turner's pro se

3

supplemental brief,[*] and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Turner, in writing, of the right to petition the Supreme Court of the United States for further review. If Turner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Turner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] We have held that Turner's South Carolina burglary convictions, under S.C. Code Ann. § 16-11-312(A) (2003), are qualifying felonies under the Armed Career Criminal Act, United States v. Wright, 594 F.3d 259, 266 (4th Cir. 2010), and "we are bound by prior precedent from other panels in this circuit absent contrary law from an en banc or Supreme Court decision." United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999) (citation omitted). There is no such contrary law.

4